

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 11, 1947

Hon. W. A. Morrison
County Attorney
Milam County
Cameron, Texas

Opinion No. V-83

Re: Mileage fees due consta-
ble within the meaning
of Article 1065, C.C.P.

Dear Mr. Morrison:

Your request for an opinion of this Depart-
ment reads as follows:

"Milam County maintains no suitable
lock-up in one of its precincts removed
from the county seat. The constable of
this precinct frequently arrests intoxi-
cated persons obviously in no condition
to plead to a charge before a magistrate,
and conveys them to the county seat for
incarceration overnight in the jail.

"The following morning the consta-
ble returns to the county seat and returns
his prisoners to the magistrate nearest
their place of arrest for pleading, as re-
quired by law. Upon conviction, those who
are unable to pay the fine are re-trans-
ported back to the county seat for confine-
ment.

"Sec. 4, Art, 1029, provides in part
as follows: 'For removing or conveying
prisoners, for each mile going and coming
. . . traveling otherwise than by railroad
fourteen cents.'

"Question: Is the constable entitled
to 14¢ per mile for each of the three pos-
sible trips outlined above?"

We are informed that the county officers of
Milam County are on a salary basis and that precinct of-
ficers are compensated on a fee basis.

Inasmuch as this Department, in Opinion No. 0-2341, dated May 20, 1940, ruled that a constable may not arrest, without a warrant, for the offense of being drunk in a public place, your request must be predicated on the assumption that the officer in question was in possession of a valid warrant of arrest.

The fees allowed peace officers in misdemeanor cases are set forth in Article 1065, C.C.P. Section 9 thereof provides as follows:

"For conveying a prisoner after conviction to the county jail, for each mile going and coming, by the nearest practical route by private conveyance, ten cents a mile, or by railway seven and one-half cents a mile."

Section 11 thereof provides as follows:

"For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

Therefore, it is the opinion of this Department that prior to conviction, the constable would be entitled to seven and one-half cents per mile for conveying the prisoner in question to the county seat of Milam County or vice versa. Of course, if he had no warrant for the arrest of the prisoner, he is not entitled to any fee for conveying the prisoner to jail or for returning him to the Court for trial or making bond. After conviction, the constable would be entitled to ten cents per mile when traveling by private conveyance and seven and one-half cents per mile when traveling by rail from the justice precinct to the county jail of the county seat.

In Opinion No. 919, dated July 13, 1939, the same subject matter was discussed, a copy of which is herewith enclosed for your information.

## SUMMARY

1.  A constable of a justice precinct in which there is no suitable lock-up, who, having in his possession a valid warrant, arrests an accused on a charge of drunkenness in a public place, and who, because of drunkenness is removed to the county jail until he becomes sober and is then conveyed back to the Court in which charged, is entitled, upon final conviction, to seven and one-half (7½¢) cents per mile for each mile going and coming by the nearest practical route, for conveying the prisoner to jail and returning him to Court.  Section 11, Article 1065, C.C.P.

2.  For conveying the prisoner to jail, after conviction, the constable is entitled to ten (10¢) cents per mile going and coming if he travels by private conveyance, or seven and one-half (7½¢) cents per mile if he travels by public conveyance.  Section 9, Article 1065, C.C.P.

3.  If compensated on a salary basis, fees earned by a constable for travel must be deposited in the Officers' Salary Fund of said county.  If compensated on a fee basis, such fees may be retained, but must be accounted for in conformity with law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:djm:wb

Enclosure

APPROVED MARCH 11, 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS